HON. SAMUEL C. WINGARD....................... do        do

R. G. O'BRIEN...................................... CLERK.

THE CASCADES RAILROAD COMPANY *vs*. LOUIS SOHNS, *et al*.

A general statute does not repeal a prior special statute upon the same subject, unless expressly so stated in general acts, or unless the general act be in direct conflict with the special statute.

The special act of the legislative assembly, passed January 31, 1859, incorating plaintiff in error, was not repealed by the general incorporation act of 1873.

Plaintiff in error, if it so elects, may proceed to condemn land for its railway under the general statute.

Error to the Second Judicial District holding terms at Vancouver.

*Wm. Strong* for plaintiff in error.

*C. A. Dolph* for defendant in error.

Opinion by LEWIS, Chief Justice.

This railroad company was incorporated under a special act of the legislative assembly of Washington Territory, passed January 31st, A. D. 1859. By the provisions of Section 9 of the act, "in the event of the survey of the said road, embracing the land of settlers and owners, parties failing to agree * * the District court shall have power to appoint three citizens (freeholders) of Washington Territory, who shall assess the damages" * * and further provision is made as to the manner of proceeding.

In 1873 the legislative assembly passed a general act to provide for the formation of corporations for "manufactory * building, equipping and running railroads * and engaging in other species of trade and business," and also provided the mode of proceeding to appropriate lands by private corporations.

By the terms of the general act, whenever any corporation authorized by the provisions of the act, to appropriate lands for the right of way, is unable to agree with the owner as to the compensation to be paid therefor * application shall be made to a justice of the peace * who shall summon three disinterested house-holders * * who shall assess the damage * and full provision is made for the mode of procedure in such cases. The mode of proceeding prescribed by the general law is in many respects different from that of the special act. The repealing clause of the general law is as follows:

"All acts and parts of acts heretofore passed upon *this subject* are hereby repealed."

The corporation proceeded, under the general law, to have the damages assessed, and the proceedings were dismissed by the District Court for want of jurisdiction.

The sole question here made is, whether the company must proceed under the provisions of the special act, or whether it may proceed under the general law of 1873?

In the case of *Corbett vs. The Territory,* this court held, that "in no case will a special statute supercede a general statute unless expressly so stated in the special act, or in direct conflict with the special statute," so we are of opinion that the converse of this is true.

The general act of 1873 does not, in terms, repeal the special act of 1859; the acts are not necessarily inconsistent, and both may stand together. Whether it was the legislative intent that this corporation should proceed under the provisions of the act of 1873 is quite doubtful. We must glean their intent from the language used in the statute, and, if possible, give effect to all the words of the act. Manifestly the act is peculiar. It will not be held that an act of the legislature is retroactive, unless such is the plain intent of the legislative mind.

Looking at the general act of 1873, chapter 1, Sections 14, 18, 21, 22, 25, and chapter 3, Sections 7–14, reference is specially made to corporations formed under the act of 1873. So per Section 27, chapter 1, the provisions of the act are extended to water companies, already existing under any law of the Territory. By the provisions of Section 1, chapter 3, "*a corporation*" organized for the construction of any railroad * shall have a right to enter upon land for the purpose of survey, and per Section 2, "*Such* corporation may appropriate land necessary for the line of such road." The mode of proceeding is fully detailed at chapter four of the act, and is applicable to "any corporation authorized by the provisions of the act to appropriate lands for right of way." It has been held in New York that where the special act of a railway company prescribes a different mode of procedure, in condemning land from that required by a general law of the state subsequently passed, the company may pursue the course prescribed by the special act. *Clarkson vs. Railway*, 2 Kernan, 304.

Judge Redfield in referring to this case says: "That it seems to be considered that the company may adopt the course prescribed by the general act, *if they so elect*, and upon principle it would seem that they should do so unless there is something in the general act by which the existing railroads are at liberty to proceed under their charters." Redfield R., third edition, vol. 1, p. 280—note.

The tendency of modern legislation is to enact general laws touching corporations in so far as the same may be done, to the end that all rights and privileges granted may be uniform and upon principle the rule should be here so declared if consistent with the legislative will in order that the mode of procedure of all corporations in proceeding to condemn lands for the right of way, shall be general and in accordance with the general statute upon the subject. We reach the conclusion that the company could proceed under the general act, and having so elected, the proceedings were in accordance with law. The judgment of the District court will be reversed and cause remanded for further proceedings in accordance with the views herein expressed and it is so ordered.